IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL D. UNRUH,**

                    **Plaintiff,**

      v.                                  CASE NO. 12-3072-SAC

**CHUCK SCHMELZER, et al.,**

                    **Defendants.**

### MEMORANDUM AND ORDER

This matter is before the court on a civil action alleging a violation of constitutional rights. Plaintiff is detained in the Larned State Hospital (LSH) under a civil commitment. He proceeds pro se, and the court grants leave to proceed in forma pauperis.

In this action, plaintiff alleges the defendants, employees of the LSH, came to his housing unit and "used intimidation and strong arm tactics with staff"[1] to induce them to write an infraction against him for having cardboard boxes and plastic bags in his room. He also alleges that defendants have subjected him to harassment about taking a shower, when in fact he showers every other day, and that they have sprayed his room with air freshener for no apparent reason. Plaintiff alleges a pattern of maltreatment exists, and he seeks damages and costs.

### Discussion

Because plaintiff proceeds *pro se,* the court liberally construes his pleadings. *Northington v. Jackson,* 973 F.2d 1518,

---

[1] Doc. 1, p. 2.

1520-21 (10th Cir.1992). The court nevertheless must review the complaint for legal sufficiency. 28 U.S.C. § 1915(e).

Under § 1915(e), the court must dismiss a complaint if it finds the action (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2). In this context, the term "frivolous" means the complaint rests upon an "inarguable legal conclusion" or "fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319 (1989).

The requirement of liberal construction in a *pro se* plaintiff's complaint means that where the court can reasonably read the complaint "to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's claims concern the conditions of his confinement. Because plaintiff is confined under a civil commitment, his claims are governed by the Due Process Clause. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002). However, while plaintiff's rights are secured by the Fourteenth Amendment, the courts apply the identical analysis used in cases arising under the Eighth Amendment for evaluating claims of unconstitutional conditions of confinement. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996). Under that standard, officials must provide "humane conditions of confinement by ensuring inmates

2

receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee ... safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). To prevail on a claim alleging unconstitutional conditions of confinement, a plaintiff must show that the defendant officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825 (1994)(explaining deliberate indifference standard).

To establish the defendants' liability under this standard, plaintiff must show both that defendants "kn[ew] of and disregard[ed] an excessive risk to [his] health and safety," *Farmer,* 511 U.S. at 837, and that the alleged deprivation was "sufficiently serious." *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

Not every inconvenience or discomfort that occurs during a lawful detention implicates the Constitution. Rather, "only those deprivations denying the minimum civilized measure of life's necessities ... are sufficiently grave" to establish a constitutional violation. *Seiter, id.*

Here, the plaintiff's claims do not show that he suffered a sufficiently serious deprivation due to the acts of the defendants. The conditions plaintiff describes may be unpleasant, but they do not suggest that he has been subjected to any extreme deprivation. The court therefore concludes this matter must be dismissed as legally frivolous.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed as legally

3

frivolous pursuant to 28 U.S.C. §1915(e).

IT IS FURTHER ORDERED plaintiff's motions to appoint counsel (Doc. 3) and for the violation of civil rights (Doc. 4) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 24th day of April, 2012, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge